## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **LAURA RAGO** | : | |
| 549 Hazel Avenue | : | |
| Folsom, Pennsylvania 19033 | : | |
| | : | JURY TRIAL DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CASE NO. |
| **COUNTY OF DELAWARE** | : | |
| **GOVERNMENT CENTER BUILDING** | : | |
| 201 West Front Street | : | |
| Media, Pennsylvania 19063 | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT

Plaintiff, Laura Rago, by and through her undersigned counsel, files this Complaint alleging that her rights, pursuant to the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101 *et seq*., and the Family Medical Leave Act ("FMLA").

### I. PARTIES AND JURISDICTION

1.      Plaintiff, Laura Rago (hereinafter ("Plaintiff") or ("Ms. Rago") or ("Rago"), is an adult individual residing in Folsom, Pennsylvania with a mailing address of 549 Hazel Avenue, Folsom, Pennsylvania 19033.

2.      Defendant, County of Delaware, Government Center Building, (hereinafter ("Defendant"), is a municiple entity and business corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a prinicpal place of business at 201 West Front Street, Media, Pennsylvania 19063.

1

3. At all times material hereto, Defendant employed Plaintiff at its 201 West Front Street, Media, Pennsylvania location as set forth above and qualified as Plaintiff's employer.

4. Defendant was Plaintiff's employer from December 16, 2019, until she was terminated on July 18, 2022.

5. At all times, Defendant met the definition of "employer" under the ADA, and the FMLA.

6. At all times material hereto, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

7. Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act.  (See Exhibit "A," a true and correct copy of a "right-to-sue" issued by the Equal Employment Opportunity Commission).

8. This action is instituted pursuant to the Americans with Disabilities Act and the FMLA and applicable federal and state law.

9. Jurisdiction is conferred by 28 U.S.C. §1331 and §1343.

10. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

11. The venue is properly laid in this district because the Defendant conducts business in this district and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district. 28 U.S.C. § 1391(b)(1) and (b)(2). Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal conduct by the Defendant, as set forth herein.

**II. FACTS**

2

12.     On or about December 16, 2019, Defendant hired Ms. Laura Rago as a Court Information Officer. Her immediate supervisor was Mary Walk.

Ms. Rago performed all duties asked of her without any complaints or issues.

13.     Ms. Rago has the autoimmune diseases of Lupus and Fibromyalgia which causes pain and anxiety.

14.     On or around February 6, 2021, Ms. Rago was approved for leave under the Family Medical Leave Act ("FMLA") for Lupus and Fibromyalgia.

15.     When she returned to work on April 26, 2021, Ms. Rago was written up for taking time off during her approved FMLA leave.

16.     Upon information and belief, Defendant had rescinded the approval of Ms. Rago's FMLA leave due to an error in their calculation of how many hours she had worked.

17.     On April 27, 2021, Ms. Rago indicated that she wanted to file a grievance with Defendant's Union for the write-up she received, but the Defendant would not assist her with this request.

18.     On or around May 14, 2021, Ms. Rago requested a refresher on her job duties, but Ms. Walk denied her request and told her to come to work instead.

19.     On or around May 27, 2021, Ms. Walk had Janine and Sabrina Fox ask Ms. Rago if she wanted to transfer to bench warrants.

20.     On June 1, 2021, Ms. Rago emailed Ms. Walk and told her, "no, thank you."

21.     From June 18, 2021 until June 21, 2021, Ms. Rago again took approved FMLA leave.

22.     When Ms. Rago returned to work on June 22, 2021, Ms. Walk questioned Ms. Rago's FMLA leave. Ms. Rago received a personal email informing her that her job was being

changed from Court Clerk to Civil Clerk. Due to Ms. Walk changing Ms. Rago's title, her wages were reduced.

23.      On June 25, 2021, Ms. Rago's desk was changed by the Defendant. A few days later when Ms. Rago came into work, she noticed that her stuff was moved around on her new desk.

24.      On February 1, 2022, Lisa Pierce, Defendant's HR Advisor/Leave Coordinator, advised Ms. Rago that there was a mistake in calculating her eligibility for FMLA leave and that her leave was being rescinded.

25.      On or around February 4, 2022, the Defendant informed Ms. Rago that her desk was moving. Once again, she noticed that her stuff was moved around on her desk.

26.      On or around April 1, 2022, Ms. Rago was supposed to leave at 3:00 pm to receive her second COVID-19 vaccine. Defendant told her that she was not allowed to leave.

27.      On or around April 28, 2022, Ms. Rago went upstairs to file a complaint against Ms. Walk. Ms. Walk's constant harassment was making Ms. Rago feel worse and exacerbating her health conditions.

28.      On or around April 29, 2022, at approximately 4:30 pm, Ms. Walk tried to pull Ms. Rago into her office and question her about the previous day Ms. Rago said that she wanted Janine to be present for the meeting.

29.      On or around May 2, 2022, Ms. Rago met with Defendant's Personnel Director, Jamal Johnson and Angela Frattarelli, Defendant's Human Resources ("HR") Advisor and Employee Relations personnel. They told her that they had spoken with Ms. Walk. MS. Rago was told that if she wanted to file a complaint against Ms. Walk, that she had to go through the union.

30.     Approximately May 16, 2022, Ms. Rago received an FMLA approval letter approving her for intermittent FMLA leave for two times per week, for two days per episode, from April 28, 2022, through October 28, 2022.

31.     During the period of May 18, 2022 to June 2, 2022, Ms. Rago took approved FMLA leave.

32.     On June 3, 2022, Ms. Rago was told by Defendant that they had made another mistake and had to reverse the FMLA.

33.     On July 7, 2022, Ms. Rago emailed Ms. Walk advising that her youngest son contracted COVID.

34.     Later that day on July 7, 2022, Ms. Frattarelli emailed Ms. Rago Defendant's COVID protocol which required her to quarantine for, "at least five full days".

35.     During her quarantine period, Ms. Rago's phone had uploaded beach videos to social media.

36.     At a grievance hearing, Ms. Rago and her Union representative presented evidence that the beach videos that were uploaded took place at a different date and time than the upload time.

37.     Defendant terminated Ms. Rago's employment on July 18, 2022, based on the beach videos and attendance.

38.     As a direct and proximate result of the Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

### III. CAUSES OF ACTION

## COUNT I
## TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT
## HARASSMENT & RETALIATION
### (42 U.S.C.A. § 12101 et seq)

39.     Plaintiff incorporate the preceding paragraphs as if fully set forth at length herein.

40.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not discriminate against an employee based on a disability.

41.     Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

42.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

43.     At all times material hereto, Ms. Rago had a qualified disability, as described above.

44.     Ms. Rago's disabilities included the autoimmune diseases of Lupus and Fibromyalgia.

45.     Plaintiff's disability substantially limited one or more of her major life activities, including, caring for herself, sleeping, concentrating, thinking and working.

46.     Defendant harassed and discriminated against Plaintiff on account of her disability by subjecting her to harassment and discrimination in the form of strict scrutiny and penalizing her for approved time off, immediately upon her return from medical leave.

47.     As set forth above, Defendant's conduct in terminating Plaintiff is an adverse employment action, was taken as a result of Plaintiff's disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

48.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not retaliate against an employee based on them exercising their rights under the Americans with Disabilities Act.

49.     Ms. Rago engaged in protected activity when she requested time off for her medical condition and when she complained that she felt targeted because of her disability.

50.     Defendant's reasons for Plaintiff's termination were pretextual.

51.     As set forth above, Defendant's conduct in terminating Plaintiff is an adverse employment action, was taken as a result of Plaintiff's engaging in protected activity and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

52.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

53.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

54.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys' fees and court costs.

### COUNT II
### VIOLATION OF FMLA—INTERFERENCE
### (29 U.S.C. §2601 et seq.)

55.     Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

56.     As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

57.     As described above, Defendant interfered with, restrained and denied Plaintiff's exercise and/or attempts to exercise her rights under the Family and Medical Leave Act.

58.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

59.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

60.     Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorney's fees and court costs.

**COUNT III**
**VIOLATION OF FMLA**
**RETALIATION**
**(29 U.S.C. §2601 et seq.)**

61.     Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

62.     As set forth above, Plaintiff was entitled to and qualified for medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

63.     Defendant's motivation in terminating Plaintiff's employment was based, in part, upon her taking permissible FMLA leave.

64.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

65.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

66.     Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys' fees and court costs.

## IV. RELIEF REQUESTED

**WHEREFORE,** Plaintiff, Laura Rago, demands judgment in her favor and against the Defendant in an amount in excess of $150,000.00 together with:

A.     Reinstatement of position with a comparable salary and benefits including, medical, vacation and sick time, in addition to any other associated employee benefits to which she may be entitled.

B.     Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

C.     Punitive damages;

D.     Attorney's fees and costs of suit;

E.     Reimbursement for medical bills;

F.      Interest, delay damages; and,

G.      Any other further relief this Court deems just proper and equitable.

Date: May 3, 2023               **LAW OFFICES OF ERIC A. SHORE, P.C.**

                                BY: */s/ Mary LeMieux-Fillery*
                                **MARY LEMIEUX-FILLERY, ESQUIRE**
                                **(Pa Id. No.: 312785)**
                                Two Penn Center, Suite 1240
                                1500 John F. Kennedy Boulevard
                                Philadelphia, PA 19102
                                Tel.: (267) 546-0132
                                Fax: (215) 944-6124
                                Email: maryf@ericshore.com
                                *Attorneys for Plaintiff, Laura Rago*